IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH L. MITCHELL, # B-88904, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>VIENNA CORRECTIONAL CENTER, )<br>)<br>Defendant. ) | Case No. 13-cv-627-MJR |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a two-year sentence for aggravated DUI. He brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking redress for violations of his rights which he claims have occurred during his confinement at Vienna.

Plaintiff's entire statement of his claim is as follows:

> On May 29th 2013:  42 U.S.C. § 241, 42 U.S.C. § 242, 42 U.S.C. § 1997, 11., 42 U.S.C. § 1990, Ch. 2 § 2.7[.]  I was sent to Vienna Correctional Center on May 29th 2013 to building 19 2nd floor to June 7th 2013 3rd floor Bed 32A[.]  I'm under Imminent danger Gross Negligence.  "Abestoes," [sic] Punitive damages, Verosity, perpensity [sic].  Mental Anguish.  Torque claim, Criminal Malfeasance with harmfull intent, Reconstruction-Era law, My due process 14th/5th Amendments - My C.R.I.P. Act title 6 civil Acts are violated.

(Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

The Supreme Court instructs that a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a pro se complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiff's statement of claim does not survive § 1915A review.  It appears to the Court that Plaintiff believes he is being held in conditions that violate his constitutional rights.  However, the complaint is completely devoid of intelligible factual allegations, apart from the dates of Plaintiff's housing assignments at Vienna and the suggestion that he may have been exposed to asbestos.  The mishmash of legal terms and statutory references are virtually identical to several other similarly deficient complaints which have been filed in this Court by fellow Vienna inmates.  This verbiage does nothing to advance Plaintiff's claim.  Instead, the bulk of Plaintiff's statement consists of inadequate and incomplete legal conclusions, which are not sufficient to state a viable constitutional cause of action.  *See Brooks*, 578 F.3d 581.

Furthermore, Plaintiff does not indicate how any specific defendant (*e.g.*, an individual correctional officer) is responsible for any alleged violations of his constitutional

rights. This is necessary in order to give a defendant adequate notice of the claims against him so that he may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. P. 8(a)(2).

For the reasons above, Plaintiff's complaint is subject to dismissal. However, rather than dismiss the entire action, the Court shall allow Plaintiff one opportunity to submit an amended complaint in order to correct the deficiencies in his pleading, as detailed below.

Plaintiff is advised that as he prepares his amended complaint, instead of copying strings of nonsensical legalese from other *pro se* litigants, he should follow the instructions on the Court's civil rights complaint form. The form directs a plaintiff to state "when, where, how, and by whom" his rights were violated (Doc. 1, p. 5). In other words, he should state the facts that support his claim.

Further, Plaintiff shall note that "Vienna Correctional Center" is not an entity subject to being sued in a civil rights claim. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Likewise, the Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Therefore, in preparing the amended complaint, Plaintiff is advised to name as Defendant(s) only the prison employees who were directly, personally responsible for the alleged constitutional violation(s). *See Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

2001).

In addition, Plaintiff should be aware that a prisoner is required to exhaust his available administrative remedies before bringing a § 1983 claim in federal court. *See* 42 U.S.C. § 1997e(a). Plaintiff's statement that he has not availed himself of the prisoner grievance procedure indicates that his filing of this action may have been premature (Doc. 1, p. 4).

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendant **VIENNA CORRECTIONAL CENTER** is **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that in order to proceed with this action, Plaintiff **SHALL** submit his First Amended Complaint within 35 days of the entry of this order (on or before **August 29, 2013**). The amended complaint shall identify the individual Defendant(s) responsible for the alleged unconstitutional actions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint may result in the dismissal of this action with prejudice.

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 24, 2013**

s/ MICHAEL J. REAGAN
United States District Judge