IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENNETH L. MITCHELL, # B-88904,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-cv-627-MJR |
| ) | |
| **WARDEN RANDY DAVIS,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

      This matter is now before the Court for review of Plaintiff's First Amended Complaint (Doc. 7) pursuant to 28 U.S.C. § 1915A. In addition to the amended complaint, Plaintiff has filed a motion for recruitment of a federal investigator (Doc. 8), which shall also be addressed below. Plaintiff is currently incarcerated at Vienna Correctional Center ("Vienna"), where he is serving a two-year sentence for aggravated DUI. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

      In the amended complaint, Plaintiff repeats much of the disjointed legalese that made up his initial statement of his claim, for example: "I'm under Imminent Danger Gross Negligence. "Abestoes," [sic] Punitive damages, Verosity, perpensity [sic]. Mental Anguish. Torque claim, Criminal Malfeasance with harmfull intent, Reconstruction-Era law . . ." (Doc. 7, p. 5). However, he adds eight new claims which include some factual statements regarding the alleged unconstitutional conditions at Vienna.

      In paragraphs 3, 6, and 7, Plaintiff states that his building contains asbestos insulation and fibers float in the air; the building lacks ventilation, the roof leaks, urinals

overflow, there are too few toilets, there is mold in the shower, mold on bread, and rodent droppings in the kitchen and living quarters (Doc. 7, p. 5). These portions of Plaintiff's claim shall be designated as **Count 1**.

Plaintiff also complains that fire alarms go off on a random basis while living units are locked and staff do not check for danger; inmates are housed with rival gang members and with mental health patients; guards sleep on the night shift and fail to make rounds; inmates are denied grievance forms, and legal mail is improperly opened (Doc. 7, p. 5, paragraphs 1, 2, 4, 5, and 8). These claims shall be designated as **Counts 2-5**, as discussed below.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Accepting Plaintiff's allegations as true, the Court finds that **Count 1** of the complaint articulates a colorable Eighth Amendment claim against Defendant Davis for housing Plaintiff in conditions which place his health at risk. However, Plaintiff's remaining allegations fail to state a claim upon which relief may be granted. Those claims **(Counts 2-5)** shall be dismissed for the following reasons.

**Count 2 – Failure to Segregate Inmates**

Plaintiff does not indicate that he has suffered any harm due to the Defendant's policy of housing rival gang members together, or of mixing mental health patients with other inmates. These practices do not violate the Constitution in and of themselves. While "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners," *Farmer v. Brennan*, 511 U.S. 825, 833 (1994), not all instances of inmate-on-inmate violence raise constitutional concerns. Plaintiff does not say that he has been attacked, nor does he claim

that he was the target of any specific threat or that he requested protection from any prison official. This claim shall be dismissed without prejudice.

**Count 3 – Lack of Staff Monitoring**

As with Count 2, Plaintiff does not claim to have been harmed by the alleged failure of prison staff to check his housing unit each time a fire alarm goes off. Similarly, his complaint that the night-shift guards sleep on their shift and do not conduct rounds as they should, is not connected to any injury suffered by Plaintiff. This laundry list of complaints does not rise to the level of a constitutional violation; Count 3 shall be dismissed with prejudice.

**Count 4 – Opening of Legal Mail**

An inmate's legal mail is entitled to protection because of the potential for interference with his right of access to the courts. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). Prison officials may violate an inmate's rights if they open clearly marked legal mail outside of the inmate's presence. *See Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). However, an isolated incident or inadvertent opening of legal mail is insufficient to state a constitutional claim. *See Rowe*, 196 F.3d at 782; *Bruscino v. Carlson*, 654 F. Supp. 609, 618 (S.D. Ill. 1987).

In the instant complaint, Plaintiff states only that "legal mail is opened by the staff" (Doc. 1, p. 5). He does not say when or how often this has occurred, nor does he indicate whether any of his own legal mail was opened. This statement is too vague and general for the Court to conclude that a constitutional violation has occurred. Count 4 shall be dismissed without prejudice.

**Count 5 – Denial of Grievance Forms**

The Court does not condone the alleged failure of prison officials to make grievance forms available to inmates. However, this practice does not implicate any

constitutional right. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff's efforts to exhaust his administrative remedies by using the prison grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's right to maintain a § 1983 suit over the issues outlined in his complaint. However, prison officials' failure to comply with the grievance procedure does not give rise to an independent constitutional claim. Count 5 shall be dismissed with prejudice.

**Pending Motion**

Plaintiff's motion (Doc. 8) for the Court to recruit and send a "federal investigator" to look into his claims regarding the conditions at Vienna is **DENIED.** It is Plaintiff's responsibility to present evidence to the Court to prove his claims.

**Disposition**

**COUNTS 2 and 4** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNTS 3 and 5** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **DAVIS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 7), and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 16, 2013**

s/ MICHAEL J. REAGAN
United States District Judge