IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13−cv−0627−MJR−SCW |
| ) | |
| RANDY DAVIS ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

Pending before the Court is the Defendant's Motion to Dismiss for Lack of Prosecution (Doc. 19), which was filed on May 16, 2014. The Court set this Motion for a show cause hearing on June 3, 2014, at which Plaintiff failed to appear. (Doc. 23) The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, and the case **DISMISSED with prejudice**.

### BACKGROUND

Plaintiff filed this suit on June 27, 2013, while he was incarcerated at Vienna Correctional Center. (Doc. 1). Plaintiff was released from custody on January 19, 2014. (Doc. 19). Plaintiff never filed a change of address with the Court, as he is required to do by the order referring this case to the undersigned. (Doc. 9). On March 3, 2014, Defendant noticed Plaintiff's deposition for April 25, 2014. (Doc. 19-1). He sent the notice both to Vienna and to Plaintiff's most recent address in

1

the Illinois Department of Corrections' Offender Tracking System. (Doc. 19). Plaintiff failed to appear for the deposition. (Doc. 19-3). Defendant then filed the present Motion, which was also sent to Plaintiff's new address. (Doc. 19). The Court set said Motion for Hearing and explicitly informed Plaintiff that failure to appear at the hearing may result in dismissal. (Doc. 20). The Court sent notice of the hearing to Plaintiff's address of record, Vienna Correctional Center, and issued a writ to that institution. (Doc. 21). Vienna indicated that Plaintiff was no longer incarcerated at that facility. (Doc. 22). Plaintiff did not appear at the hearing. To date, he has not filed a Response to the pending Motion to Dismiss.

## ANALYSIS

Federal Rule of Civil Procedure 37(b) authorizes dismissal for failure to obey discovery orders, which the Seventh Circuit has called a "feeble sanction" if it is without prejudice. **Lucien v. Breweur**, 9 F.3d 26, 28 (7th Cir. 1993); FED. R. CIV. P. 37(b)(2)(A)(v). Dismissal can also be effectuated via Federal Rule 41(b), which states the general principle that failure to prosecute a case should be punished by dismissal with prejudice. **Lucien**, 9 F.3d at 29. **Accord James v. McDonald's Corp.**, 417 F.3d 672, 681 (7th Cir. 2005) (under Rule 41(b), a "district court has the authority . . . to [dismiss a case] for lack of prosecution."). Recently, the Seventh Circuit has clarified that sanctions for failure to prosecute must fit the misconduct, and that dismissal is an inappropriate sanction for a lone error. **Johnson v. Chicago Bd. of Educ.**, 718 F.3d 731, 733 (7th Cir. 2013)("We have held repeatedly that sanctions should fit the misconduct and in particular that dismissal is not the appropriate response to a litigant's errors (or even misconduct) that do not appear to be serious or repeated.").

Plaintiff's case should be dismissed for failure to prosecute because he has shown a pattern of serious and repeated errors. This is not the situation in *Johnson* where the plaintiff made a single error by failing to show up at a one routine status conference. Here, Plaintiff has failed to meet his

2

obligations as a litigant and participate in discovery. When Defendants complained of this conduct, Plaintiff failed to respond. Plaintiff was sent notice at the address he provided to the Court that his failure to appear at a hearing on this Motion may result in dismissal. Plaintiff then failed to appear. He has also failed to keep the Court informed of his whereabouts at relevant times throughout this litigation. Plaintiff was given specific warnings that his case would be subject to dismissal should he fail to appear, and yet he continued to neglect his case. **See Ball v. City of Chicago, 2 F.3d 752, 760 (7th Cir. 1993) (holding "there must be an explicit warning before the case is dismissed" for failure to prosecute).** The undersigned therefore finds that dismissal with prejudice is warranted under Federal Rules 37 (b) and 41(b). **See Lucien, 9 F.3d at 29 ("The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same.").**

## CONCLUSION

It is therefore **RECOMMENDED** that Defendant's Motion for Dismissal be **GRANTED**, and that Plaintiff's case be **DISMISSED WITH PREJUDICE** for his failure to diligently prosecute his case.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. **See, e.g., Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004).** <u>**Objections to this Report and Recommendation must be filed on or before June 23, 2014**</u>.

IT IS SO RECOMMENDED.

Dated: <u>June 4, 2014</u>  /s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge